

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO AND MODESTO DIVISIONS**

```
FILED
DEC 1 2 2013
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
```

In re: Turner, Carla L.

) Case No.
)
) Social Security No.
) Social Security No.
) Employer I.D. No.
)     Debtor(s).     )

13-92162

# CHAPTER 13 PLAN
[ ] MOTION(S) TO VALUE COLLATERAL AND
[ ] MOTION(S) TO AVOID LIENS
[check box(es) if motion(s) included]

CREDITORS MAY NOT VOTE ON THIS PLAN BUT THEY MAY OBJECT TO ITS CONFIRMATION AND TO THE GRANTING OF ANY MOTIONS INCLUDED IN THE PLAN. AN OBJECTION MUST BE FILED AND SERVED UPON DEBTOR, DEBTOR'S ATTORNEY, AND THE CHAPTER 13 TRUSTEE WITHIN 14 DAYS AFTER THE CONCLUSION OF THE CREDITORS' MEETING HELD PURSUANT TO 11 U.S.C. § 341(a). A HEARING ON THE OBJECTION MUST BE SET BY THE CREDITOR ON A MINIMUM OF 22 DAYS NOTICE AND MUST TAKE PLACE WITHIN 45 DAYS AFTER THE CONCLUSION OF THE CREDITORS' MEETING. THE COURT'S SELF-SET HEARING RULES AND PROCEDURE ARE AVAILABLE ON THE COURT'S WEBSITE, WWW.CAEB.USCOURTS.GOV, OR AT THE COURT'S PUBLIC COUNTERS. ABSENT A TIMELY OBJECTION AND HEARING, THE COURT MAY CONFIRM THIS PLAN AND GRANT THE MOTIONS WITHOUT A HEARING.

## CHAPTER 13 PLAN

Debtor hereby proposes the following Chapter 13 Plan effective from the date of the petition:

### I. Plan Payments and Term

In order to complete this plan, the future income of Debtor will be submitted to the supervision and control of the Chapter 13 Trustee ("Trustee"). Debtor shall pay to the Trustee the sum of $__700.00__ each month for __60__ months [*if the foregoing is left blank, refer to the "Additional Provisions" portion of this plan*]. The plan payments consist of all Debtor's projected disposable income. Unless all allowed unsecured claims are paid in full, the plan shall not terminate earlier than the stated term or 36 months, whichever is longer. If necessary to complete this plan, the term will be extended up to 6 months, but in no event will the plan exceed 60 months in length.

### II. Classification and Treatment of Claims and Expenses

The claims and expenses owed by Debtor are classified and provided for below. To be paid, creditors, including secured creditors, must file proofs of claim. The proof of claim filed by or on behalf of a creditor, not the plan or the schedules, will determine the amount and character of the creditor's claim. If a creditor's claim is provided for by this plan and a proof of claim is filed, dividends will be paid based upon the proof of claim unless the granting of a valuation or a lien avoidance motion, or the sustaining of a claim objection, affects the amount or classification of the claim. Secured claims not listed within Classes 1, 2, 3, or 4, and priority claims not listed within Class 5 are not provided for by the plan. Whether or not a proof of claim is filed, Debtor shall make ongoing post-petition installment payments on Class 1 and 4 claims.

#### A. Administrative Expenses

**1. Chapter 13 Trustee's fees** will be allowed and paid as determined by statute. The Trustee may receive up to 10% of the money distributed each month, excluding direct payments by Debtor to Class 1 and Class 4 creditors and refunds from the Trustee to Debtor.

**2. Administrative Expenses:** In most cases the only additional administrative expenses will be Debtor's attorneys' fees. Attorneys' fees and other administrative expenses must be approved by the bankruptcy court before they can be paid. Once approved, an administrative expense will be paid in full before further payment of Class 1, 2, 5, 6, and 7 claims unless the administrative claimant agrees to a different treatment. After deducting the $ 0.00 pre-petition retainer, $ 0.00 remains to be paid to Debtor's attorney.

[x] Debtor's attorney opts to have his or her fees approved and paid in accordance with the court's Guidelines for Payment of Attorneys' Fees in Chapter 13 Cases; or

[ ] Debtor's attorney opts out of the Guidelines for Payment of Attorneys' Fees in Chapter 13 Cases and instead will disclose and seek approval of fees in accordance with applicable authority including 11 U.S.C. §§ 329 and 330, Fed.R.Bankr.P. 2002, 2016, and 2017, and the court's general Guidelines for Compensation and Expense Reimbursement of Professionals.

### B. Secured Claims

**Class 1. Long-term secured claims that were delinquent when the petition was filed and that mature after the last payment under the plan.** Home loans and car loans maturing after the term of this plan are typical Class 1 claims. Creditors holding Class 1 claims will retain their liens and security interests. Pre-petition arrears will be paid through the plan together with interest if required by 11 U.S.C. § 1322(e). If no interest rate is specified, 10% per annum will be imputed and paid on Class 1 claims. Other than to cure the pre-petition arrears, Class 1 claims are not modified by this plan.

| CLASS 1 CREDITOR'S NAME/COLLATERAL DESCRIPTION | REGULAR PAYMENT | PRE-PETITION ARREARS | INTEREST RATE |
|---|---|---|---|
| 1. SANTANDER/ 05 CHRYSLER 300 | 477.00 | 938.00 | 6% |
| 2. LOBEL FINANCIAL | 290.14 | 1012.00 | 6% |
| 3. UNITED CONSUMER/ KIRBY VACCUM | 45.00 | 219.00 | 6% |

*[In the column "Regular Payment" state the ongoing post-petition installment payment including any impound amounts. The "regular payment" will be made by Debtor directly to the secured creditor. In the column "Pre-Petition Arrears" include the accrued but unpaid interest and principal through the date of bankruptcy as well as other accrued and unpaid charges such as attorneys' fees and foreclosure costs. Pre-petition arrears owed under an assumed executory contract or unexpired lease (see paragraph II(D) below) may be provided for as a Class 1 secured claim. If additional space is needed to list all Class 1 creditors, use the Chapter 13 Plan Continuation Sheet provided.]*

**Class 2. Secured claims that are modified by this plan or that will not extend beyond its length.** This class includes any secured claim that has matured or will mature prior to the completion of the plan. It also includes any secured claim, regardless of its maturity date, that is modified as permitted by 11 U.S.C. § 1322 (b)(2) or (c)(2). Each secured claim will continue to be secured by its existing lien or security interest and will be paid its full amount or the market value of its collateral, whichever is less if permitted by § 1322(b)(2), together with interest. If no interest rate is specified, 10% per annum will be imputed and paid on all Class 2 claims.

| CLASS 2 CREDITOR'S NAME/COLLATERAL DESCRIPTION | CLAIM AMOUNT | MARKET VALUE of COLLATERAL | INTEREST RATE |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |

*[In the column "Claim Amount" include the unmatured principal, the accrued but unpaid principal and interest through the date of bankruptcy, as well as other accrued and unpaid charges such as attorneys' fees and foreclosure costs. If the market value of the creditor's collateral is less than the amount of the claim amount, the market value will be paid provided a Motion to Value Collateral (see Attachment M-3) is granted. Any deficiency will be treated as a Class 7 general unsecured claim unless it is a priority claim classified within Class 5. If a motion is not granted, the amount in the proof of claim will be paid. If additional space is needed to list all Class 2 creditors, use the Chapter 13 Plan Continuation Sheet provided.]*

**Class 3. Secured claims satisfied by the surrender of collateral.** Identify in the table below secured creditors whose claims will be satisfied by the surrender of their collateral. As to personal property, Debtor shall offer to surrender the property not later than 5 days after entry of the order of confirmation. As to real property, Debtor consents to termination of the automatic stay to permit a non-judicial foreclosure of the real property and Debtor shall give up possession immediately after the foreclosure sale. Entry of the confirmation order shall constitute an order modifying the automatic stay of 11 U.S.C. § 362 to allow any secured creditor whose collateral is being surrendered to receive or foreclose upon that collateral and to exercise its rights and remedies against its collateral.

| CLASS 3 CREDITOR'S NAME/COLLATERAL DESCRIPTION | ESTIMATED DEFICIENCY | IS DEFICIENCY A PRIORITY CLAIM? Y/N |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |

*[If additional space is needed to list all Class 3 creditors, use the Chapter 13 Plan Continuation Sheet provided.]*

**Class 4. Claims to be paid directly by Debtor or third party.** This class includes: (a) secured claims with due dates extending beyond the length of the plan, that were not delinquent when the bankruptcy was filed, and are not modified by this plan; and (b) secured and unsecured claims that will be paid with money or property that does not belong to Debtor or to the bankruptcy estate. Holders of Class 4 claims shall retain their liens and security interests. Class 4 claims are not modified in any respect.

| CLASS 4 CREDITOR'S NAME | REGULAR PAYMENT | MATURITY DATE |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |

*[If additional space is needed to list all Class 4 creditors, use the Chapter 13 Plan Continuation Sheet provided.]*

### C. Unsecured Claims

**Class 5. Priority unsecured claims.** Claims entitled to priority pursuant to 11 U.S.C. § 507 shall be paid in full. Include in the "Claim Amount" column the under-collateralized portion of any secured claim if it is entitled to priority.

| CLASS 5 CREDITOR'S NAME | TYPE OF PRIORITY | CLAIM AMOUNT |
|---|---|---|
| 1. INTERNAL REVNUE SERVICES | PAYROLL TAX 940,944 | 8326.00 |
| 2. COUNTY OF STANISLAUS | CALWORKS | 3892.00 |
| 3. US DEPT OF eD/glesli | STUDENT LOAN | 5478.00 |

*[If additional space is needed to list all Class 5 creditors, use the Chapter 13 Plan Continuation Sheet provided.]*

**Class 6. Special unsecured claims.** Unsecured claims, such as co-signed unsecured claims, that the plan will pay in full even though all other unsecured claims may not be paid in full.

| CLASS 6 CREDITOR'S NAME | REASON FOR SPECIAL TREATMENT | CLAIM AMOUNT |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |

*[If additional space is needed to list all Class 6 creditors, use the Chapter 13 Plan Continuation Sheet provided.]*

**Class 7. General unsecured claims.** General unsecured claims, that is, claims not entitled to priority nor "special treatment" in Class 6, and not secured with a lien or security interest on property belonging to Debtor will be paid no less than _____% of their claim. Debtor estimates that general unsecured claims, including the under-collateralized portion of secured claims not entitled to priority, total $_____.

### D. Executory Contracts And Unexpired Leases

Debtor assumes the executory contracts and unexpired leases listed in the table below. Debtor shall pay directly to the other party to the executory contract or unexpired lease all on-going post-petition payments. Any pre-bankruptcy arrears shall be paid in full either as a Class 1 claim or as a Class 6 claim, or be paid a specific monthly payment as stated in the Additional Provisions below, as designated by Debtor. Any executory contracts or unexpired leases not listed in the table below are rejected.

| NAME OF OTHER PARTY TO EXECUTORY CONTRACT OR UNEXPIRED LEASE | PRE-PETITION ARREARS | REGULAR PAYMENT | WILL ARREARS BE PAID AS A CLASS 1 OR 6 CLAIM, OR AS STATED IN THE ADDITIONAL PROVISIONS? |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |

### E. Order of Distribution Between and Among Classes

After confirmation of this plan, funds available for distribution will be paid by the Trustee each month in the following order: (1) the Trustee's monthly administrative fees; then (2) approved administrative expenses; then (3) the monthly payments set out in the Additional Provisions below to be paid on account of pre-bankruptcy arrears on assumed executory contracts and unexpired leases or on other claims; then (4) Class 1 pre-bankruptcy arrearage claims and Class 2 claims; then (5) Class 5 priority unsecured claims; then (6) Class 6 special unsecured claims and Class 7 general unsecured claims. Within each distribution level, allowed claims shall be paid on a pro rata basis. Unless a claim objection is sustained or a motion to value collateral or a lien avoidance motion is granted, distributions on account of Class 1, 2, 5, 6, and 7 claims will be based upon the amount stated in each claim holder's proof of claim rather than the amount estimated by Debtor in this plan.

### III. Miscellaneous Provisions

**A. Vesting and Possession of Property.** Any property of the estate scheduled under 11 U.S.C. § 521 shall [choose one]:

    [ ]    revest in Debtor on confirmation.
    [ ]    not revest in Debtor until such time as a discharge is granted.

In the event the case is converted to a case under Chapter 7, 11, or 12 of the Bankruptcy Code or is dismissed, the property of the estate shall be determined in accordance with applicable law.

**B. General Order.** General Order 00-2 is applicable to all Chapter 13 cases filed on or after April 15, 2000. That order mandates the use of this plan and contains mandatory provisions regarding the administration of Chapter 13 cases. Copies of this General Order and the forms required by it may be obtained from the Court's website, www.caeb.uscourts.gov or at the Court's public counters.

**C. Debtor's Duties.** In addition to the duties and obligations imposed upon Debtor by the Bankruptcy Code and Rules, the Local Bankruptcy Rules, and the General Order, this plan imposes the following additional requirements on Debtor: (a) **Transfers of Property.** Debtor is prohibited from transferring, encumbering, selling, or otherwise disposing of any personal or real property with a value of $1,000 or more other than in the regular course of Debtor's financial or business affairs without first obtaining court authorization. (b) **New Debt.** Except as provided in 11 U.S.C. § 364, Debtor shall not incur aggregate new debt exceeding $1,000 without first obtaining court authorization. Without compliance with 11 U.S.C. § 1305(c), a new debt of $1,000 or less that is a consumer

debt shall not be paid through this plan. (c) **Insurance.** Debtor shall maintain insurance as required by any law, contract, or security agreement. (d) **Support Payments.** Debtor shall maintain ongoing child or spousal support payments directly to the court-ordered recipient. (e) **Tax Returns and Periodic Reports.** After confirmation of this plan, Debtor shall timely file all tax returns and, upon the Trustee's request, provide the Trustee with a copy of each tax return, W-2 form, and 1099 form filed or received while the case is pending. The Trustee may require Debtor to furnish quarterly financial information regarding Debtor's business.

**D. Dismissal.** If Debtor defaults in the performance of this plan or if it will not be completed within six months of its stated term, not to exceed 60 months, the Trustee or any other party in interest may move to dismiss the bankruptcy case. When the Trustee requests dismissal, he may use either of the procedures authorized by Paragraphs 7 or 8 of the General Order.

### IV. Additional Provisions

Additional provisions or alterations to this plan shall be set out below. If necessary, use another page. Changes to the preprinted language of this standard Chapter 13 plan or to its attachments will not be given any force or effect.

Attorney's Name, Address, and Phone Number:

Dated: 12/12/13

_____
Debtor's Signature

_____
Joint Debtor's Signature

EDC 3-080    (Rev. 4/15/00)                        Page 5 of 5